No. 20024. Opinion Filed June 2, 1931.

Rehearing Denied June 30, 1931.

C. A. Ambrister and Bower Broaddus, for plaintiffs in error.

Jno. W. Porter and Harry G. Davis, for defendants in error.

HEFNER, J. This is an action by Harry C. Upsher and J. W. Upsher, partners, against W. Wirt Hooker, doing business as W. W. Hooker & Company, and J. W. Hale, J. N. McRoberts, W. H. Hooker, and J. M. Coe, to recover on a bond.

Plaintiffs were general insurance agents and in their petition alleged that they appointed W. Wirt Hooker as their subagent to solicit insurance and that he executed a bond with the other defendants as sureties guaranteeing that he would faithfully remit all premiums collected; that he collected and failed to remit premiums in the sum of $2,050.59, and prayed judgment against him and his sureties for that amount.

Defendant W. Wirt Hooker made no defense. It was stipulated by the parties that he was appointed subagent by plaintiffs; that he executed the bond sued on; that he collected premiums in the amount as claimed and alleged by plaintiffs and that he failed to remit.

Practically all the facts in the case were agreed to and a portion of the agreement is as follows:

"* * * Plaintiffs appointed the said W. Wirt Hooker as their agent and representative for plaintiffs' line of business in and for Muskogee, Okla.; that before appointing and designating said W. Wirt Hooker as said agent, plaintiffs demanded a personal bond to indemnify and guarantee the payment of all monies collected and the return of all supplies furnished said agent by plaintiffs, and that, in compliance with such demand, the instrument sued upon and attached to plaintiff's petition and marked 'exhibit A,' was, by said agent, delivered to plaintiff, which instrument, together with the accounts shown in said petition and attached thereto as exhibits 'B' to 'I,' both inclusive, are the subject of this suit."

The bond referred to in the stipulated facts and attached to plaintiffs' petition, in part recites:

"Know all men by these presents: That I, or we, W. Wirt Hooker, doing business as the W. W. Hooker & Co. of Muskogee, * * * and * * * as sureties, are held and firmly bound unto Upsher & Upsher in the sum of five thousand and no/100 dollars. * * *"

On the trial of the case plaintiff, however, introduced evidence showing that Sam O. Smith was a partner with defendant W. Wirt Hooker. The business was conducted under the name of W. W. Hooker & Company. The trial court entered judgment against defendant W. Wirt Hooker, but exonerated the sureties on the theory that they were bound to answer for the default of W. Wirt Hooker individually and not for the defaults of W. Wirt Hooker and Sam O. Smith as partners.

Plaintiffs say the judgment is contrary to both the law and the facts.

By reference to the bond given, supra, it will be seen that it recites that "I, or we, W. Wirt Hooker doing business as the W. W. Hooker & Co. of Muskogee * * * are held firmly bound unto Upsher & Upsher in the sum of five thousand and no/100 dollars. * * *" It seems to us, when the facts are considered in connection with the recitation in the bond, that it was the intention of all parties, including the sureties, to guarantee against the default of W. Wirt Hooker & Company. "I, or we," indicates one or more individuals interested in the firm of W. Wirt Hooker & Company. The bond is referred to in the agreed statement of facts and thereby became part of the agreed facts. The record, when considered as a whole, discloses that the default was made by W. Wirt Hooker & Company, and this being true, it follows that the sureties should be held on their obligation to answer for the default of W. Wirt Hooker & Company as is provided in the bond.

The cause is reversed, with directions to the trial court to take such proceedings as to it may seem just and right and not inconsistent with the views herein expressed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and ANDREWS, J., dissent.